

1   Christopher A. Carr (#44444)
2     ccarr@afrct.com
    ANGLIN, FLEWELLING, RASMUSSEN,
3     CAMPBELL & TRYTTEN LLP
4   199 S. Los Robles Avenue, Suite 600
    Pasadena, California  91101-2459
5   Tel: (626) 535-1900
6   Fax: (626) 577-7764

7   Attorneys for Defendant,
8   Wells Fargo Bank, N.A., (named herein as
    "Wells Fargo Bank, N.A., Successor by
9   Merger with Wachovia Mortgage FSB
10  (formerly World Savings Bank FSB")
    ("Wells Fargo")
11

12              UNITED STATES DISTRICT COURT

13      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

14  CHARLES L. RUCKER, an individual,     CASE NO. CV10-9008 DSF
15  and JUDITH L. Rucker, an individual,                      (JEMx)

16              Plaintiffs,               NOTICE OF REMOVAL BY
                                          DEFENDANT WELLS FARGO
17      vs.                               PURSUANT TO 28 U.S.C. §1332
                                          [DIVERSITY JURISDICTION]
18  WELLS FARGO BANK, N.A., Successor
19  by Merger with Wachovia Mortgage FSB
    (formerly World Savings Bank FSB): and
20  Does 1 through 20, inclusive,
21
22              Defendants.

23  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND THE

24  HONORABLE UNITED STATES DISTRICT JUDGE:

25          PLEASE TAKE NOTICE that defendant Wells Fargo Bank, N.A. (named

26  herein as "Wells Fargo Bank, N.A., Successor by Merger with Wachovia Mortgage

27  FSB (formerly World Savings Bank FSB") ("Wells Fargo"), hereby provides

28  Notice of Removal based on diversity of citizenship, pursuant to 28 U.S.C. §1332,

1   and hereby removes to this Court the state court action described below.

2   1.      THE STATE COURT ACTION.

3           On October 22, 2010 Wells Fargo was served with state court process of the

4   First Amended Complaint in Case Number LC090597, then pending in the Superior

5   Court of the State of California for the County of Los Angeles (the "State Court

6   Action"), entitled as captioned above, which had been filed in state court on August

7   4, 2010.  Wells Fargo has not appeared in the State Court Action.  A copy of the

8   First Amended Complaint in the State Court Action is attached hereto as <u>Exhibit A</u>.

9   Attached as <u>Exhibit B</u> are all other papers from the State Court Action, which were

10  either filed by plaintiff or issued by the Court.

11  2.      JURISDICTION.

12          A.      Diversity of Citizenship.  This Court has jurisdiction of this case under

13  28 U.S.C. §1332 because the citizenship of the parties is entirely diverse.

14          Plaintiffs, Charles L. Rucker and Judith L. Rucker are citizens of California

15  based on domicile, as they allege residency in Los Angeles County.  (Comp. ¶4).

16  *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (residence and property

17  ownership a factor in domicile for diversity jurisdiction); *State Farm Mut. Auto Ins.*

18  *Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the

19  equivalent of citizenship, but the place of residence is prima facie the domicile.")

20          Wells Fargo Bank, N.A. successor by merger with Wachovia Mortgage,

21  FSB, formerly known as World Savings Bank, FSB is a citizen of the state where

22  its main office is located.  *Wachovia Bank v. Schmidt,* 546 US 303, 306-307 (2006).

23  Wells Fargo is a citizen of South Dakota with its main office located in Sioux Falls,

24  South Dakota.  Attached hereto as <u>Exhibit </u>C are true and correct copies of the FDIC

25  Profile and Articles of Association for Wells Fargo Bank, N.A.  Wells Fargo is a

26  citizen of South Dakota for purposes of diversity.  See *Cochran v. Wachovia Bank,*

27  *N.A.* 2010 U.S. Dist. LEXIS 38379 (C.D. Cal. 2010); *DeLeon v. Wells Fargo Bank*

28  NA 2010 U.S. Dist. LEXIS 62499 (N.D. Cal June 9, 2010) and *Nguyen v. Wells*

1  *Fargo Bank, N.A., et al.,* 2010 U.S. Dist. LEXIS 113246, *10-*15 (N.D. Cal.

2  October 25, 2010).

3      As established by these facts, there is complete diversity of citizenship

4  between plaintiffs and defendant under 28 U.S.C. §1332(a).

5      B.   Amount in Controversy.  Generally, "[t]he amount in controversy is

6  determined from the allegations or prayer of the complaint." Schwarzer, *Fed. Civ.*

7  *Pro. Before Trial, supra,* ¶ 2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab*

8  *Co.,* 303 U.S. 283, 289 (1938), which held that an inability to recover an amount

9  adequate to give the court jurisdiction does not oust the court of jurisdiction).  Also,

10  the value of the gain to plaintiff or the loss to defendants establishes the

11  jurisdictional amount in controversy.  *In re Ford Motor Co./Citibank (S. Dakota),*

12  *N.A.,* 264 F.3d 952. 958 (9th Cir. 2001).  See *Reyes, et al. v. Wells Fargo Bank,*

13  *N.A.,* 2010 U.S. Dist. LEXIS 113821, *8-*12 (N.D. Cal. June 29, 2010) which held

14  that the amount-in-controversy requirement was satisfied because both the amount

15  of the plaintiff's indebtedness on the loan and the fair market value of the property

16  exceeded the statutory amount in controversy threshold.

17      The amount in controversy is more than $75,000 because throughout the First

18  Amended Complaint plaintiffs ask the court for restitution of the Property in the

19  form of its reconveyance.  (Comp., ¶¶11, 16, 21, 36. 40; Prayer)  They also seek

20  punitive damages in an amount according to proof (Comp., ¶¶17, 27, Prayer) and

21  "an injunction ordering the defendant Wells Fargo Bank to reconvey the real

22  property to Plaintiffs." (Prayer, On Their Seventh Cause of Action.)  If Plaintiffs

23  obtain a permanent injunction ordering  Wells Fargo to reconvey the Property, this

24  would completely undermine and devalue Wells Fargo's $712,500 deed of trust

25  (Comp.¶40).  Where the relief sought by a plaintiff is to enjoin a foreclosure sale,

26  the amount in controversy is measured by the value of the subject property or the

27  amount of the indebtedness owed the foreclosing lender, because the property is the

28  "object of the litigation." *Gustavo Reyes, et al. v. Wells Fargo Bank, N.A.,* 2010

1   U.S. Dist. LEXIS 113821 (N.D. Cal. 2010); see also *Nguyen v. Wells Fargo Bank,*

2   *N.A.,* 2010 U.S. Dist. LEXIS 113246 (N.D. Cal. Oct. 25, 2010) (discussing cases

3   and noting that where complaint seeks to invalidate deed of trust, the amount in

4   controversy is the loan amount); *Craver v. Nat'l City Bank,* 2009 U.S. Dist. LEXIS

5   98333, *3 (E.D. Cal. Oct. 22, 2009) (amount in controversy requirement meant

6   because plaintiff was asking for full value of the loan through prayer seeking to

7   invalidate the deed of trust); and *Reyes v. Wells Fargo Bank, N. A.* 2010 WL

8   2629785 *4 (N.D. Cal. June 29, 2010) ("[i]f the primary purpose of a lawsuit is to

9   enjoin a bank from selling or transferring property, then the property is the object of

10  the litigation.")

11    Here, the subject loan in the State Court Action made by Wells Fargo

12  successor in interest to World Savings Bank was in the amount of $712,500.00.

13  Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Deed of Trust dated

14  October 20, 2006 and recorded against the subject real property commonly

15  described as 22500 Sylvan Street, Woodland Hills, California 91367 ("Property")

16  as document number 06 2386992 with the Los Angeles County Recorder.

17  3. <u>TIMELINESS</u>.

18    This Notice is timely because it is filed within thirty days of service of the

19  Wells Fargo's receipt on October 22, 2010 of service of process in the State Court

20  Action, as required by 28 U.S.C. §1446(b). The other defendants are Does, which

21  are ignored for diversity purposes. 28 U.S.C. § 1332. Thus, no other joinders are

22  required to perfect removal of the State Court Action. *Salveson v. Western States*

23  *Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir. 1984).

24  4. <u>OTHER PERTINENT INFORMATION</u>

25    A. Pursuant to 28 U.S.C. §1446(a), Defendant files this Notice in the

26  District Court of the United States for the district and division within which the

27  State Court Action is pending.

28    B. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice with its

1   attachments will promptly be served on plaintiff in the State Court Action, and

2   notice thereof will be filed with the clerk of the Los Angele County Superior Court.

3       WHEREFORE, Defendant hereby removes Los Angeles County Superior

4   Court Case Number LC090597 to the United States District Court for the Central

5   District of California – Western Division.

6                                   Respectfully submitted,

7   Dated:  November  18, 2010        ANGLIN, FLEWELLING, RASMUSSEN,
                                      CAMPBELL & TRYTTEN LLP
8

9                                   By: _____

10                                      Christopher A. Carr

11                                      ccarr@afrct.com
                                        Attorneys for Defendant
12                                      Wells Fargo Bank, N.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | MILES L. KAVALLER
A PROFESSIONAL LAW CORPORATION
2 | Miles L. Kavaller, Esq. - SBN 73950
Encino Law Center
3 | 15915 Ventura Boulevard, Penthouse One
Encino, CA 91436
4 | Telephone: (818) 728-4821
eFax:  (818) 474-7180
5 | E-Mail: mkavaler1@earthlink.net

6 | Attorneys for Plaintiffs
CHARLES L. RUCKER and JUDITH L. RUCKER

7

8

9 |                SUPERIOR COURT OF CALIFORNIA

10 |        COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

11 | CHARLES L. RUCKER, an individual, )   CASE NO: LC 090597
and JUDITH L. RUCKER, an individual, )   [Unlimited Jurisdiction]
12 |                                   )
Plaintiffs,          )   FIRST AMENDED COMPLAINT
13 |                                   )   FOR:
vs.             )   (1) BREACH OF CONTRACT;
14 |                                   )   (2) BREACH OF COVENANT OF
WELLS FARGO BANK NA, Successor )   GOOD FAITH AND FAIR DEALING;
15 | by Merger with Wachovia Mortgage FSB )   (3) SLANDER OF TITLE;
(formerly World Savings Bank FSB); and )   (4) SLANDER OF CREDIT;
16 | Does 1 through 20, inclusive,       )   (5) INTENTIONAL INFLICTION OF
                                   )   EMOTIONAL DISTRESS;
17 |        Defendants.          )   (6) FAILURE TO COMPLY WITH
                                   )   STATUTORY REQUIREMENTS RE
18 | _____)   PRE-FORECLOSURE CONTACT
                                       UNDER CIVIL CODE §2923.5; AND
19 |                                       (7) UNFAIR BUSINESS PRACTICES
                                       (BUSINESS & PROFESSIONS CODE
20 |                                       §17200, ET SEQ.).

21 |        Plaintiffs, CHARLES L. RUCKER and JUDITH L. RUCKER (hereinafter

22 | referred to as either "Plaintiffs" or "the Ruckers") for their Complaint against Defendant

23 | Wells Fargo Bank NA Successor by Merger with Wachovia Mortgage FSB (formerly

24

25 | FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF
GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF (5)
26 | INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH
STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5;
27 | AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

28 |                                  -1-

1    World Savings Bank FSB) allege as follows

2    <u>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>.

3        1.      Plaintiffs, and each of them, are husband and wife and are residents of the

4    City and County of Los Angeles, State of California. They currently reside at 22500

5    Sylvan Street, Woodland Hills, California 91367.

6        2.      Defendant WELLS FARGO BANK ("WFB") is a federally chartered bank

7    with offices throughout the County of Los Angeles, State of California, and is the

8    successor by merger with Wachovia Mortgage FSB.

9        3.      The true names and capacities of defendants sued herein as Does 1 to 20

10   inclusive, are unknown to Plaintiffs who therefore sue said defendants by such fictitious

11   names.  Plaintiffs will amend their Complaint to show their true names and capacities

12   when the same have been ascertained.

13       4.      The Ruckers were the record owners of the house and real property located

14   at 22500 Sylvan Street, Woodland Hills California 91367 ("the property") from

15   September 1996 until on or about April 1, 2010 when the Defendant purchased it at a

16   foreclosure sale for the unpaid note plus penalties and interest. WFB filed an unlawful

17   detainer action in LASC Case Number 10B03031, *Wells Fargo Bank, etc. v. Rucker*. On

18   July 26, 2010 judgment was filed and entered in favor of Wells Fargo and against the

19   Ruckers which included restitution and possession of the property.

20       5.      At the time of the foreclosure sale, the Ruckers, their counsel, Donald

21   Slayton, Esq. and representatives of Defendant WFB had been engaged in activities

22   directed at reformation of the Ruckers' then existing mortgage loan # 0044338457 with

23   Wachovia. The Ruckers had submitted the application and financial information WFB

24

25   FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF
     GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5)
26   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH
     STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5;
27   AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

28                                    -2-

had requested in a letter dated April 22, 2009 attached hereto as Exhibit "1" and incorporated herein (hereinafter referred to as the Mortgage Assistance Plan ["the MAP"]) and they had in fact satisfied its requirements.

### FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT)

6.      Plaintiffs repeat the allegations in paragraphs 1 through 5 of the Complaint as though fully restated herein and further allege as follows.

7.      On October 7, 2008, when they received a pre-foreclosure reinstatement quote from Wachovia, the Ruckers' Wachovia loan # 0044338457 and deed of trust dated October 20, 2006 was in default due to financial setbacks occasioned by the loss of employment, deaths in the family and major illness. They received a very welcome letter from Wachovia several months later on April 22, 2009 heretofore referred to as "the MAP" stating as follows:

"Wachovia wants to help you stay in your home. We have a new Mortgage Assistance Plan$^{SM}$ that could help you with payments and avoid losing your home, but it is critical you act now and call us immediately to see if you qualify.

Our new **Mortgage Assistance Plan** is specifically designed only for our Wachovia mortgage customer. Based on your individual situation upon meeting our certain criteria, you may be eligible for a 20% reduction of your mortgage loan balance.[1] With this new plan, we can modify your loan in a way that is simple and easy.

*****************************************************

**Our process is easy.** All we need to get started is proof of your current income, such as a pay stub or, if you are self-employed, your 2007 or 2008 income tax statements. ........

---

[1] The footnote in the letter deals with tax advice and is not relevant to the Complaint and is therefore omitted.

---

FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5; AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

-3-

Call **1-888-345-1343** immediately, to learn how the **Mortgage Assistance Plan** can help you avoid foreclosure and get you on track. ....."

8.      The Ruckers responded by calling the 1-888-345-1343 telephone number provided and gave an application telephonically. A file was to be opened and they were to receive a username and password which would be used to access their file online. This process did not go smoothly and it now appears that Wachovia may have opened and closed more than one (1) file for the Ruckers thereby generating substantial confusion. In any event, on July 27, and August 7, September, 1 and again on December 21 and 28, 2009 and again on March 31, 2010, Wachovia/WFB was provided by fax by either the Ruckers or their counsel, Don Slayton, Esq. with proof of income, profit and loss statements and tax returns thereby satisfying the MAP's requirements for, at the very least, consideration of the modification of their mortgage, if not actually satisfying those requirements for modifying their mortgage. In October 2009 the Ruckers were contacted by Carlos Castillo, a mortgage modification representative for WFB and they and their attorney, Donald Slayton who was retained in early November 2009, worked with him until March 31, 2010. Neither the Ruckers, nor Slayton, however, ever received a reply from Castillo or anyone else at WFB with a mortgage modification plan.

9.      The Ruckers also received a notice of default on July 14, 2009 and a notice of trustee's sale on November 17, 2009 scheduling the sale of their property on December 9, 2009. They were advised by their counsel, however, that he had been advised by WFB's Castillo that the foreclosure process would be delayed while the loan modification process was progressing. The Ruckers were also told that any notices they received could be ignored. Accordingly, they took no further action.

A.      Despite providing WFB with the requested materials, the Ruckers and their

FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5; AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

-4-

1    counsel received numerous conflicting oral and written communications from WFB
2    acknowledging receipt of some materials and communications but not others, including
3    but not limited to closing the Ruckers' file, notifying the Ruckers that they did not qualify
4    for the HAMP program although they had not applied for it, and notifying the Ruckers
5    that they were unable to contact the Ruckers after 30 days and were closing their file.
6        B.    The most egregious and shocking of the communications however, came
7    from Carlos Castillo, the WFB loan modification officer with whom both the Ruckers and
8    their counsel Don Slayton had been working since October 2009. Despite having received
9    confirmation of receipt of the Ruckers' 2007 and 2008 tax returns (for at least the second
10   time) just the day before on March 31, 2010 and having been advised that the process was
11   "looking good", and as Slayton lay in the hospital after undergoing double hip
12   replacement surgery, Slayton was notified on April 1, 2010 that WFB had purchased the
13   Ruckers' property at a foreclosure sale!
14       C.    Thereafter WFB's loan modification representatives would not assist either
15   the Ruckers or their lawyer citing the foreclosure. The Ruckers were directed to the
16   Office of the President, Wachovia Mortgage. Their written and oral communications and
17   those of their counsel to correct WFB's error have been futile. In Wachovia's letter of
18   June 24, 2010 the Ruckers were advised that "...fallout letters [were] sent to you
19   indicating Wachovia did not receive the required documents needed to continue a loan
20   modification review." This was the reason the Ruckers were told the foreclosure, which
21   had been postponed four times, was finally conducted and was irreversible.
22       10.   The Defendant, by virtue of its conduct as herein alleged, has breached its
23   contract with Plaintiffs, as set forth in the MAP by either failing to even consider the
24
25   FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF
          GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5)
26   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH
     STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5;
27   AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).
28                                        -5-

merits of the Ruckers' application and financial materials submitted or recognize and implement the mortgage modification in accordance with the terms of the MAP.

11.     As the proximate result of the breach, Plaintiffs have been damaged by the premature and unlawful foreclosure sale of their real property to the defendant and they are entitled to its reconveyance.

## SECOND CAUSE OF ACTION

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

12.     Plaintiffs repeat the allegations in paragraphs 1 through 5 of the Complaint and paragraphs 6 through 11 of the First Cause of Action for Breach of Contract as though fully restated herein and further allege as follows.

13.     There is a covenant of good faith and fair dealing implied in every contract which requires that neither party will engage in any conduct that will deprive the other of the benefits of the agreement.

14.     Plaintiffs are informed and believe and thereon allege that the Defendant through its agents has failed to acknowledge receipt of, and review in good faith, the materials the Ruckers and their counsel submitted in connection with the mortgage modification application consisting of proof of income, profit and loss statements and tax returns.

15.     The Defendant has breached the covenant of good faith and fair dealing with Plaintiffs by either failing to even consider the merits of the Ruckers' application or recognize and implement the mortgage modification in accordance with the terms of the MAP.

16.     As the proximate result of the breach, Plaintiffs have been damaged by the

FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5; AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

-6-

premature and unlawful foreclosure sale of their real property to the defendant and they
are entitled to its reconveyance.

17.   The conduct of the Defendant through its managerial agents as herein
alleged has been oppressive and malicious and punitive damages should be awarded in an
amount according to proof.

### THIRD CAUSE OF ACTION
### (SLANDER OF TITLE)

18.   Plaintiffs repeat the allegations in paragraphs 1 through 5 of the Complaint
and paragraphs 6 through 11 of the First Cause of Action for Breach of Contract as
though fully restated herein and further allege as follows.

19.   Plaintiffs were the lawful owners and had a vested fee simple community
property interest in the real property located at 22500 Sylvan Street, Woodland Hills,
California 91367 on or about April 1, 2010, the date of the foreclosure sale, and prior
thereto, having owned the property since 1996.

20.   The Defendants unlawfully foreclosed on the real property on or about
April 1, 2010, having either failed to acknowledge receipt of, and review in good faith,
the Plaintiff's mortgage modification application, proof of income, profit and loss
statements and tax returns or having failed to implement a completed mortgage
modification, pursuant to the MAP.

21.   As the proximate result of the breach, Plaintiffs have been damaged by the
premature and unlawful foreclosure sale of their real property to the defendant and they
are entitled to its reconveyance, together with notification to all credit reporting agencies
that the defendant's actions were wrongful.

---

**FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF
GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5)
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH
STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5;
AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).**

-7-

22.    As the further proximate result of the breach, Plaintiffs are entitled to money damages in an amount according to proof exceeding $25,000.

### FOURTH CAUSE OF ACTION

### (SLANDER OF CREDIT)

23.    Plaintiffs repeat the allegations in paragraphs 1 through 5 of the Complaint and paragraphs 6 through 11 of the First Cause of Action for Breach of Contract as though fully restated herein and further allege as follows.

24.    Plaintiffs enjoyed a credit score with the major credit reporting agencies free of adverse information from WFB prior to the April 1, 2010 foreclosure.

25.    WFB reported adverse credit information to the major credit agencies after the April 1, 2010 foreclosure which injured the Ruckers credit and interfered with their ability to obtain credit and/or made the availability of credit more costly.

26.    Plaintiffs have therefore been damaged by the Defendant's wrongful disclosure of adverse credit information generated by the unlawful foreclosure in an amount not yet ascertained.

27.    Plaintiffs are informed and believe and thereon allege that the conduct of the defendant through its managerial agents was malicious and oppressive and therefore seek and award of punitive damages in an amount according to proof.

### FIFTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

28.    Plaintiffs repeat the allegations in paragraphs 1 through 27 of the Complaint as though fully restated herein and further allege as follows.

29.    The conduct of the defendant through its agents was extreme and

---

FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5; AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

-8-

1  outrageous and beyond the boundaries of acceptable behavior in a civilized society.

2      30.    The Plaintiffs suffered extreme emotional distress as the proximate result of

3  of the defendant's conduct including anger, fear, anxiety, sleeplessness, worry, depression

4  and apprehension.

5      31.    Plaintiffs are seeking monetary compensation for the extreme emotional

6  distress the have suffered in an amount according to proof.

7  SIXTH CAUSE OF ACTION

8  (FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS RE PRE-

9  FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5)

10      32.    Plaintiffs repeat the allegations in paragraphs 1 through 5 of the Complaint

11  and paragraphs 6 through 11 of the First Cause of Action for Breach of Contract as

12  though fully restated herein and further allege as follows.

13      33.    California Civil Code §2923.5 applies to deeds of trust recorded between

14  January 1, 2003 and December 31, 2007. As herein alleged in paragraph 7, the Ruckers'

15  deed of trust is dated October 20, 2006.  California Civil Code §2923.5  requires a

16  mortgagee, beneficiary, or authorized agent to exercise due diligence in contacting the

17  borrower, in person or by telephone in order to assess the borrower's financial situation

18  and explore options for the borrower to avoid foreclosure and to provide a declaration

19  that is has complied with this requirement in its notice of default. In pertinent part,

20  California Civil Code §2923.5 states as follows:

21         "(a)(2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in

       person or by telephone in order to assess the borrower's financial situation and

22         explore options for the borrower to avoid foreclosure. During the initial contact,

       the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or

23         she has the right to request a subsequent meeting and, if requested, the mortgagee,

       beneficiary, or authorized agent shall schedule the meeting to occur within 14

24

25  FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF
GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5)
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH
STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5;
AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

26

27

28

days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(b) A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(g) A notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent. For purposes of this section, "due diligence" shall require and mean all of the following:

(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

(2)(A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days. Telephone calls shall be made to the primary telephone number on file.

(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.

(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.

(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.

(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.

(5) The mortgagee, beneficiary, or authorized agent has posted a prominent link on the homepage of its Internet Web site, if any, to the following information:

(A) Options that may be available to borrowers who are unable to afford their mortgage payments and who wish to avoid foreclosure, and instructions to borrowers advising them on steps to take to explore those options.

(B) A list of financial documents borrowers should collect and be prepared to

---

FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5; AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

-10-

present to the mortgagee, beneficiary, or authorized agent when discussing options for avoiding foreclosure.
(C) A toll-free telephone number for borrowers who wish to discuss options for avoiding foreclosure with their mortgagee, beneficiary, or authorized agent.
(D) The toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency."

34     Further, although Defendant WFB provided a statement in its notice of default recorded on July 14, 2009 that it had "either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code §2923.5", Defendant WFB failed to exercise due diligence in complying with its statutory obligations in contacting the Ruckers in person or by telephone in order to assess their financial situation and explore options to avoid foreclosure despite the efforts of the Ruckers and those of their attorney thereby purporting to satisfy its statutory obligations to obtain foreclosure.

35.     Plaintiff would have been entitled to a postponement of the foreclosure had the defendant complied with its statutory duties. See *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208.

36.     An unlawful foreclosure sale was conducted in part as a proximate result of the defendant's violation of Civil Code §2923.5 and WFB's failure to contact Plaintiffs to ascertain whether foreclosure could have been avoided. The real property should therefore be reconveyed to Plaintiffs and they should be evaluated as candidates for a mortgage modification.

## SEVENTH CAUSE OF ACTION

## (UNFAIR BUSINESS PRACTICE-

## BUSINESS AND PROFESSIONS CODE §17200, et seq.)

37.     Plaintiffs repeat the allegations in paragraphs 1 through 5 of the Complaint

FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5; AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

-11-

and paragraphs 6 through 11 of the First Cause of Action for Breach of Contract and paragraphs 34 through 36 of the Sixth Cause of Action for violation of Civil Code §2923.5 as though fully restated herein and further allege as follows.

38.     California Business and Profession Code §17200 proscribes unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

39.     Plaintiffs are informed and believe and thereon allege that the conduct of the defendant as herein alleged constitutes unlawful and unfair business acts or practices and unfair, deceptive, untrue or misleading advertising.

40.     Plaintiffs are therefore entitled to, and are therefore seeking, the statutory remedies in California Business and Profession Code §17203 including injunctive relief, restitution in the form of the reconveyance of Plaintiff's real property and attorney's fees.

WHEREFORE, Plaintiffs CHARLES L. RUCKER and JUDITH L. RUCKER pray for judgment against Defendant WELLS FARGO BANK NA, Successor by Merger with Wachovia Mortgage FSB (formerly World Savings Bank FSB); and Does 1 through 20, inclusive, as follows:

**On Their First Cause of Action:**

For restitution of the real property in the form of its reconveyance;

**On Their Second Cause of Action:**

For restitution of the real property in the form of its reconveyance; and

For punitive damages in an amount according to proof;

**On Their Third Cause of Action:**

For restitution of the real property in the form of its reconveyance; and

---

FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5; AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

-12-

For punitive damages in an amount according to proof;

**On Their Fourth Cause of Action:**

For compensatory damages exceeding $25,000; and

For punitive damages in an amount according to proof;

**On Their Fifth Cause of Action:**

For compensatory damages exceeding $25,000;

**On their Sixth Cause of Action:**

For restitution of the real property in the form of its reconveyance;

**On Their Seventh Cause of Action:**

For an injunction ordering the defendant Wells Fargo Bank to reconvey the real property to Plaintiffs;

For attorney's fees according to proof.

**On All Causes of Action:**

For Costs of Suit; and

For such other and further relief as the Court deems just.

Dated: July 21, 2010

MILES L. KAVALLER,
A PROFESSIONAL LAW CORP.

By: _____
Miles L. Kavaller, Esq.
Attorneys for Plaintiffs
Charles L. Rucker and Judith L. Rucker

FIRST AMENDED COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5; AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

-13-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

# EXHIBIT "1"

23
24
25
26
27

FIRST AMENDED COMPLAINT FOR: (I) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;(3) SLANDER OF TITLE;(4) SLANDER OF CREDIT; (5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (6) FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS RE PRE-FORECLOSURE CONTACT UNDER CIVIL CODE §2923.5; AND (7).UNFAIR BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §17200, ET SEQ.).

-14-

28



**WACHOVIA**

Rec'D 4.22.09

0103256/0001181
Charles L Rucker
22500 Sylvan St
Woodland Hls, CA 91367-1733

# MORTGAGE
## ASSISTANCE PLAN

Want to avoid losing your home and
reduce your mortgage loan balance by 20%?[1]

Call 1-888-345-1343 to see if
you qualify, by April 13, 2009.

Loan Number: 0040338457
Property Address: 22500 Sylvan St
Woodland Hills CA 91367

Dear Charles L Rucker:

Wachovia wants to help you stay in your home. We have a new Mortgage Assistance Plan℠ that could help you with your payments and avoid losing your home, but it is critical you act now and call us immediately to see if you qualify.

Our new Mortgage Assistance Plan is specifically designed only for our Wachovia mortgage customers. Based on your individual situation and upon meeting certain criteria, you may be eligible for a 20% reduction of your mortgage loan balance.[1] With this new plan, we can modify your loan in a way that is simple and easy.

- Reduces your loan balance by 20%.
- Makes your mortgage more manageable based on your financial circumstances.[2]
- Eliminates negative amortization (increases to the principal loan balance when minimum payments do not cover the full principal and interest due) for customers who have that product feature.
- Brings your mortgage payment current, so that you no longer owe any past due interest.
- Plus, we'll send you a $500 VISA® gift card at the end of a 12-month period if you continue to make all 12 payments on time.

Our process is easy. All we need to get started is proof of your current income, such as a pay stub or, if you are self-employed, your 2007 or 2008 income tax statement. We will also work with you to reach a resolution of any funds that may have been advanced by Wachovia under the terms of the mortgage, such as delinquent property taxes, forced placed insurance, or foreclosure-related attorney's fees.

Call 1-888-345-1343 immediately, to learn how the Mortgage Assistance Plan can help you avoid foreclosure and get you back on track. Our Mortgage Consultants are available Monday through Friday 8 a.m. to 10 p.m. CT, and Saturday 8 a.m. to 8 p.m. CT.

Sincerely,

T. Scholz

Ted Scholz
Senior Vice President
Wachovia Mortgage, FSB

If you are currently in bankruptcy or your debt has been discharged in bankruptcy, special conditions apply. Please call to discuss.

Footnotes, Terms and Conditions

Loan modifications are subject to approval, information verification and collateral evaluation. Certain restrictions may apply. Modification offer applies to primary residences only, not second or vacation homes or investment properties.

[1] As a mortgage lender, Wachovia cannot dispense tax advice. You must consult a tax advisor to confirm any state tax consequences of reducing debt on your mortgage loan, and to confirm how federal tax rules will work. You will need to notify the IRS about your debt reduction in accordance with the Mortgage Forgiveness of Debt Relief Act 2007.

[2] Some customers may require an extension of their loan term to 40 years with interest-only payments during first 10 years to keep their payments manageable. The interest-only payment feature will allow you to make lower payments for 10 years, then the principal-and-interest payments for the remaining term. We encourage you to make more than the minimum payment during the interest only period.

VISA is a registered service mark of VISA, Inc.
©2009 Wachovia Mortgage, FSB. All rights reserved.
⬧ Printed on 10% Post-Consumer Recycled Paper

CD20-B1103-2                    FASMAP1 3/09

**SUMMONS** *ON FIRST AMENDED*
**(CITACION JUDICIAL)** *COMPLAINT*

SUM-100

NOTICE TO DEFENDANT: WELLS FARGO BANK NA, successor by
*(AVISO AL DEMANDADO):* Merger with Wachovia Mortgage FSB
(formerly ~~known as~~ World Savings Bank FSB); *and Does*
*1 through 20, inclusive,*

*An Individual*

YOU ARE BEING SUED BY PLAINTIFF: Charles L. Rucker, and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Judith L. Rucker,
an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**
Northwest District

SEP 23 2010

LOS ANGELES
SUPERIOR COURT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| Superior Court of California | LC090597 |
| 6230 Sylmar Ave. | |
| Van Nuys, CA 91401 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Miles L. Kavaller, Esq. SBN: 73950     Tel.: 818-728-4821     Tel.: 818-474-7180
Encino Law Center
15915 Ventura Blvd., Penthouse One
Encino, California 91436

DATE: *SEP 23 2010*     *JOHN A. CLARKE*     Clerk, by _____ *TATYANA BETS*, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Wells Fargo Bank NA successor by Merger with Wachovia Mortgage FSB (Formerly World Saving Bank FSB)

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

*Legal Solutions Plus*

Code of Civil Procedure §§ 412.20, 465

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES

| | CASE NUMBER | FILE STAMP |
|---|---|---|
| PLAINTIFF(S)/PETITIONER(S) | LC090597 | **ORIGINAL FILED** Northwest District<br><br>JUL 2 6 2010<br><br>LOS ANGELES SUPERIOR COURT |
| | **NOTICE OF**<br><br>**CASE ASSIGNMENT** | |
| DEFENDANT(S)/RESPONDENT(S) | | |

### TO THE PLAINTIFF(S) AND THE ATTORNEY OF RECORD:

YOU ARE HEREBY NOTIFIED THAT THE ABOVE MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES, INCLUDING TRIAL, TO ~~JUDGE PAUL GUTMAN~~ *FRANK Johnson*, PRESIDING IN *DEPARTMENT NW-B*, IN THE SUPERIOR COURT, LOCATED AT *6230 SYLMAR AVENUE, VAN NUYS, CA 91401*

JOHN A. CLARKE   JUL 2 6 2010

_____
Hon. Richard Kirschner, Supervising Judge

### CERTIFICATE OF SERVICE

☐ I am not a party to the within action, and I certify that I personally served a true copy of the above notice to the plaintiff or his attorney of record by delivering the copy to the designated representative/attorney service at the time of filing of the original complaint.

☐ I am not a party to the within action, and I certify that I personally served a true copy of the above notice to the plaintiff or his attorney of record by delivering the copy in person this date to counsel for plaintiff or plaintiff in pro per.

☐ I am not a party to the within action, and I certify that I served a true copy of the above notice to the plaintiff or his attorney of record by depositing in the United States mail at the courthouse in ___Van Nuys___, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

[           ]                    [                 ]

JOHN A. CLARKE   JUL 2 6 2010

[                    ]              [                    ]

JOHN A. CLARKE, Executive Officer/Clerk
of the Superior Court, County of Los Angeles

A CORPORATION MUST BE
REPRESENTED BY A LICENSED
CALIFORNIA ATTORNEY

Date:_____          By: _____, Deputy
                                    A. GULADZHYAN

7/21

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

ORIGINAL FILED
Northwest District

JUL 2 6 2010

LOS ANGELES
SUPERIOR COURT

COURTHOUSE ADDRESS:
6230 SYLMAR AVE, RM. 107, VAN NUYS, CALIF. 91401

PLAINTIFF:

DEFENDANT:

CASE NUMBER: LC090597

## NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 12|10|10    Time: 8:30    Dept.: NWB

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _____ JOHN A. CLARKE  JUL 2 6 2010

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____ Van Nuys _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE  JUL 2 6 2010

JOHN A. CLARKE, Executive/Officer Clerk

Dated: _____

By _____
Deputy Clerk
A. GULABZHYAN

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730

LASC Local Rules, Chapter Seven

EXHIBIT B to Notice of Removal
Page No. 23

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

EXHIBIT B to Notice of Removal
Page No. 24

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 2 of 2

Each depositor insured to at least $250,000 per insured bank

## Bank Find                                                      **Institution Directory Home**

**Back to Search Bank Find**

## Your Bank at a Glance as of 11/10/2010

**Wells Fargo Bank, National Association** (FDIC Cert: 3511) is **FDIC Insured.**

**Wells Fargo Bank, National Association** has been FDIC insured since **January 1, 1934.**
It was established on **January 1, 1870.**
Its main office (headquarters) is located at:
> **101 N. Phillips Avenue**
> **Sioux Falls, South Dakota 57104**
> **County of Minnehaha**

**Wells Fargo Bank, National Association** has **6589** Domestic Branches (Offices) located in **41** state(s) and **37** Foreign Offices. (Check to locate Branches (Offices) by state.)

Wells Fargo Bank, National Association's reported (or primary) website: http://www.wellsfargo.com:80/

**Wells Fargo Bank, National Association** is chartered as a National Bank. Therefore the primary federal regulator is the **Office of the Comptroller of the Currency (OCC)**. For **consumer assistance** regarding an issue with this institution, please contact the OCC directly using http://www.helpwithmybank.gov/.

Calculate your FDIC insurance coverage at Wells Fargo Bank, National Association using FDIC EDIE at www.fdic.gov/edie.
Last financial information available about Wells Fargo Bank, National Association.
Historical profile of Wells Fargo Bank, National Association.

For additional information please click on one of the following:
1. For more information on Federal Deposit Insurance, Your Insured Deposits or Insured or Not Insured
2. View the industry's overall picture - Statistics at a Glance
   (This will open a new window.)
3. Current Financial data about your bank - Institution Directory – Two years Financial Report
   (This will open a new window.)
4. Examine your bank's financial data - CALL/TFR Financial Information *9/30/2010 Latest Available*
5. Study branching and deposit market share - Summary of Deposits/Market Share
6. Analyze and compare individual institutions and create custom reports - Institution Directory – Compare
7. Review industry using 8 predefined reports - Statistics on Depository Institutions
8. Identify the latest performance trends in your state - Quarterly Banking Profile State Tables
   (This will open a new window.)
9. Analyze institutions and custom peer groups - Statistics on Depository Institutions
10. View branch office deposit information - Summary of Deposits
11. Community Reinvestment Act (CRA) Performance Ratings - CRA Performance Ratings
12. FDIC's Disclaimer - FDIC's Disclaimer

Questions, Suggestions & Requests

**EXHIBIT C to Notice of Removal**
**Page No. 26**



Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

## CERTIFICATE

I, John Walsh, Acting Comptroller of the Currency, do hereby certify that the document hereto attached is a true and correct copy, as recorded in this Office, of the currently effective Articles of Association for "Wells Fargo Bank, National Association," Sioux Falls, South Dakota, (Charter No. 1).



IN TESTIMONY WHERE OF, I have

hereunto subscribed my name and caused

my seal of office to be fixed to these

presents at the Treasury Department, in the

City of Washington and District of

Columbia, this October 20, 2010.

*John Walsh*

Acting Comptroller of the Currency

EXHIBIT C to Notice of Removal
Page No. 27

# ARTICLES OF ASSOCIATION
## OF
## WELLS FARGO BANK, NATIONAL ASSOCIATION

### ARTICLE I - NAME

The title of this Association shall be Wells Fargo Bank, National Association. The Association may also use the abbreviation Wells Fargo Bank, N.A.

### ARTICLE II - OFFICES

1. <u>Main Office</u>. The main office of this Association shall be in the City of Sioux Falls, County of Minnehaha, State of South Dakota. The Board of Directors shall have the power to change the location of the main office to any other place within the limits of the City of Sioux Falls, without the approval of the shareholders but subject to the approval of the Comptroller of the Currency.

2. <u>Branch Offices</u>. The Board of Directors shall have the power to establish or change the location of any branch or branches of this Association to any other location, without the approval of the shareholders but subject to the approval of the Comptroller of the Currency.

3. <u>Conduct of Business</u>. The general business of the Association shall be conducted at its main office and its branches.

### ARTICLE III - BOARD OF DIRECTORS

1. <u>Number</u>. The Board of Directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full Board of Directors or by resolution of the shareholders at any annual or special meeting thereof.

2. <u>Qualification</u>. Each director, during the full term of his or her directorship, shall own a minimum of $1,000 par value of stock of this Association or an equivalent interest, as determined by the Comptroller of the Currency, in any company which has control over this Association within the meaning of Section 2 of the Bank Holding Company Act of 1956.

3. <u>Vacancy</u>. The Board of Directors, by the vote of a majority of the full Board, may, between annual meetings of shareholders, fill vacancies created by the death, incapacity or resignation of any director and by the vote of a majority of the full Board may also, between annual meetings of shareholders, increase the membership of the Board by not more than four members and by like vote appoint qualified persons to fill the vacancies created thereby; provided, however, that at no time shall there be more than twenty-five directors of this Association; and provided further, however, that not more than two members may be added to

EXHIBIT C to Notice of Removal
Page No. 28

the Board of Directors in the event that the total number of directors last elected by shareholders was fifteen or less.

    4. <u>Appointment of Officers</u>. The Board of Directors shall appoint one of its members President of this Association, who shall act as Chairman of the Board, unless the Board appoints another director to act as Chairman. In the event the Board of Directors shall appoint a President and a Chairman, the Board shall designate which person shall act as the chief executive officer of this Association. The Board of Directors shall have the power to appoint one or more Vice Presidents and to appoint a Cashier and such other officers and employees as may be required to transact the business of this Association.

    5. <u>Powers</u>. The Board of Directors shall have the power to define the duties of the officers and employees of this Association; to fix the salaries to be paid to them; to dismiss them; to require bonds from them and to fix the penalty thereof; to regulate the manner in which the increase of the capital of this Association shall be made; to manage and administer the business and affairs of this Association; to make all Bylaws that it may be lawful for them to make; and generally to do and perform all acts that it may be legal for a Board of Directors to do and perform.

### ARTICLE IV - MEETINGS OF SHAREHOLDERS

    1. <u>Annual Meeting</u>. The annual meeting of the shareholders for the election of directors and the transaction of whatever other business may be brought before said meeting shall be held at the main office, or such other place as the Board of Directors may designate, on the day of each year specified therefor in the Bylaws, but if no election is held on that day, it may be held on any subsequent day according to the provisions of law; and all elections shall be held according to such lawful regulations as may be prescribed by the Board of Directors.

    2. <u>Special Meetings</u>. The Board of Directors, the Chairman, the President, or any one or more shareholders owning, in the aggregate, not less than 25 percent of the stock of this Association, may call a special meeting of shareholders at any time.

    3. <u>Notice of Meetings</u>. Unless otherwise provided by the laws of the United States, a notice of the time, place, and purpose of every annual and special meeting of the shareholders shall be given by first-class mail, postage prepaid, mailed at least ten days prior to the date of such meeting to each shareholder of record at his or her address as shown upon the books of this Association.

    4 <u>Written Consents</u>. Any action required or permitted to be taken at an annual or special meeting of the shareholders of the Association may be taken without prior written notice and without any meeting if such action is taken by written action, containing a waiver of notice, signed by all of the shareholders entitled to vote on that action.

### ARTICLE V - CAPITAL

    1. <u>Capitalization</u>. The amount of authorized capital stock of this Association shall be $1,122,000,000, divided into 112,200,000 shares of common stock of the par value of Ten

-2-

EXHIBIT C to Notice of Removal
Page No. 29

Dollars ($10.00) each; but said capital stock may be increased or decreased from time to time, in accordance with the provisions of the laws of the United States.

2. <u>Voting Rights</u>. Each holder of common stock of the Association shall be entitled to vote on all matters, one vote for each share of common stock held by such holder. No holder of shares of the capital stock of any class of this Association shall have any pre-emptive or preferential right of subscription to any shares of any class of stock of this Association, whether now or hereafter authorized, or to any obligations convertible into stock of this Association, issued or sold, nor any right of subscription to any thereof other than such, if any, as the Board of Directors, in its discretion, may from time to time determine and at such price as the Board of Directors may from time to time fix.

3. <u>Debt Obligations</u>. The Association, at any time and from time to time, may authorize and issue debt obligations, whether or nor subordinated, without the approval of the shareholders.

### ARTICLE VI - PERPETUAL EXISTENCE

The corporate existence of this Association shall continue until terminated in accordance with the laws of the United States.

### ARTICLE VII - INDEMNIFICATION

To the extent permitted by 12 CFR 7.2014 and consistent with the requirements of 12 USC 1828(k) and the implementing regulations thereunder:

(a) <u>Elimination of Certain Liability of Directors</u>. A director of the Association shall not be personally liable to the Association or its shareholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Association or its shareholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit.

(b)(1) <u>Right to Indemnification</u>. Each person who was or is made a party or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer of the Association or is or was serving at the request of the Association as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, whether the basis of such proceeding is alleged action or inaction in an official capacity as a director, officer, employee, or agent or in any other capacity while serving as a director, officer, employee or agent, shall be indemnified and held harmless by the Association to the fullest extent authorized by the Delaware General Corporation Law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Association to provide broader indemnification rights than said law permitted the Association to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines,

-3-

EXHIBIT C to Notice of Removal
Page No. 30

ERISA excise taxes or penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by such person in connection therewith and such indemnification shall continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of his or her heirs, executors and administrators; provided, however, that the Association shall indemnify any such person seeking indemnification in connection with a proceeding (or part thereof) initiated by such person only if such proceeding (or part thereof) was authorized by the Board of Directors of the Association. The right to indemnification conferred in this paragraph (b) shall be a contract right and shall include the right to be paid by the Association the expenses incurred in defending any such proceeding in advance of its final disposition; provided, however, that, if the Delaware General Corporation Law requires, the payment of such expenses incurred by a director of officer in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such person while a director or officer, including, without limitation, service to an employee benefit plan) in advance of the final disposition of a proceeding, shall be made only upon delivery to the Association of an undertaking, by or on behalf of such director or officer, to repay all amounts so advanced if it shall ultimately be determined that such director of officer is not entitled to be indemnified under this paragraph (b) or otherwise. The Association may, by action of its Board of Directors, provide indemnification to employees and agents of the Association with the same scope and effect as the foregoing indemnification of directors and officers.

(2) Non-Exclusivity of Rights. The right to indemnification and the payment of expenses incurred in defending a proceeding in advance of its final disposition conferred in this paragraph (b) shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, provision of the Articles of Association, by-law, agreement, vote of shareholders or disinterested directors or otherwise.

(3) Insurance. The Association may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Association or another corporation, partnership, joint venture, trust or other enterprise against any such expense, liability or loss, whether or not the Association would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

## ARTICLE VIII - AMENDMENT

These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of holders of such greater amount.

WFBArticles - Phase II - Final

-4-

EXHIBIT C to Notice of Removal
Page No. 31

**This page is part of your document - DO NOT DISCARD**

## 06 2386992

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

## 10/27/06 AT 08:00AM

**TITLE(S) :**



L E A D     S H E E T

FEE                                          D.T.T.
```
Code 01 - 62.00      Code T008 - 001
Code 18 - 04.00      Code A021 - 001
Code 20 - 04.00
```

CODE
20

CODE
19

CODE
9          *Grand Total = $70.00*                Page Count = 17

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**        Number of AIN's Shown

**THIS FORM IS NOT TO BE DUPLICATED**

LOS ANGELES,CA    DOCUMENT: TD 2006.2386992                          Page 1 of 18

Printed on 11/19/2010 10:50:32 AM        Provided by DataTrace System

LAWYERS TITLE COMPANY-81

RECORDING REQUESTED BY:
WORLD SAVINGS BANK

WHEN RECORDED MAIL TO:
WORLD SAVINGS BANK
FINAL DOCUMENTATION
CLOSING DEPARTMENT
P.O. BOX 659548
SAN ANTONIO, TX 78265-9548

LOAN NUMBER: 0044338457

NOTE AMOUNT: $712,500.00

*1012908*
*2039-026-004*

06 2386992

FOR RECORDER'S USE ONLY

## DEED OF TRUST

THIS IS A FIRST DEED OF TRUST WHICH SECURES A NOTE WHICH CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, FREQUENCY AND AMOUNT OF PAYMENTS AND PRINCIPAL BALANCE (INCLUDING FUTURE ADVANCES AND DEFERRED INTEREST). AT LENDER'S OPTION THE SECURED NOTE MAY BE RENEWED OR RENEGOTIATED. THE SECURED NOTE PROVIDES FOR MONTHLY PAYMENTS OF PRINCIPAL AND INTEREST.

THE MAXIMUM AGGREGATE PRINCIPAL BALANCE SECURED BY THIS DEED OF TRUST IS $890,625.00 WHICH IS 125% OF THE ORIGINAL PRINCIPAL NOTE AMOUNT.

I.    DEFINITIONS OF WORDS USED IN THIS DEED OF TRUST
    (A)   Security Instrument. This Deed of Trust, which is dated October 20, 2006, will be called the "Security Instrument."

    (B)   Borrower.   CHARLES L RUCKER AND JUDITH L RUCKER, HUSBAND AND WIFE sometimes will be called "Borrower" and sometimes simply "I" or "me."

    (C)   Lender. WORLD SAVINGS BANK, FSB,  ITS SUCCESSORS AND/OR ASSIGNEES, will be called "Lender." Lender is a FEDERAL SAVINGS BANK, which is organized and exists under the laws of the United States. Lender's address is  1901 Harrison Street, Oakland, CA 94612 .



LENDER'S USE ONLY

SD001A (2004-03-3)
DEFERRED INTEREST

CA

Page 1

EXHIBIT D to Notice of Removal
Page No. 33

0044338457

(D) **Note.** The note signed by Borrower and having the same date as this Security Instrument, including all extensions, renewals, substitutions and modifications thereof, will be called the "Note." The Note shows that I owe Lender the original principal amount of U.S. **$712,500.00**, plus accrued and deferred interest and such other amounts as stated in the Note. I have promised to pay this debt in regularly scheduled periodic payments as provided in the Note and to pay the debt in full by **November 1, 2036** ("Maturity Date").

(E) **Property.** The property that is described below in Section III entitled "Description of the Property" will be called the "Property."

(F) **Sums Secured.** The amounts described below in Section II entitled "Borrower's Transfer of Rights in the Property" sometimes will be called the "Sums Secured."

(G) **Person.** Any person, organization, governmental authority or other party will be called "Person."

(H) **Trustor, Beneficiary, Trustee.** Borrower is the "Trustor," Lender is the "Beneficiary" and **Golden West Savings Association Service Co., A California Corporation** is the "Trustee."

## II.   BORROWER'S TRANSFER OF RIGHTS IN THE PROPERTY

I irrevocably grant and convey the Property to the Trustee, in trust for Lender, with a power of sale subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender and Trustee those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who are beneficiaries of a deed of trust and to trustees of a deed of trust. I am giving Lender and Trustee these rights to protect Lender from possible losses that might result if I fail to:

(i)   pay all amounts owed to Lender under the Note and all other notes secured by this Security Instrument, called the "Secured Notes," including future advances made by Lender and any changes to the Secured Notes made with the written consent of Lender;

(ii)   pay, with interest, any amounts that Lender spends under Paragraphs 2 and 7 below to protect the value of the Property and Lender's rights in the Property; and

(iii)   keep all of my other promises and agreements under this Security Instrument, the Secured Notes and any changes to the Secured Notes made with the written consent of Lender.

## III.   DESCRIPTION OF THE PROPERTY

I give Trustee rights in the Property described below:

(i)   The Property which is located at **22500 SYLVAN ST, WOODLAND HILLS, CA 91367-1733.** The legal description of the Property is attached as Exhibit "A" which is made a part of this Security Instrument. This Property is called the "Described Property."

(ii)   All buildings and other improvements that are located on the Described Property;

SD001B (2004-03-3)
DEFERRED INTEREST                                            Page 2

06 2386992                    CA

0044338457

(iii)   All rights in other property that I have as owner of the Described Property. These rights are known as easements, rights and appurtenances attached to the Property;

(iv)   All rents or royalties and other income from the Described Property;

(v)   All mineral, oil and gas rights and profits, water rights and stock that are part of the Described Property;

(vi)   All rights that I have in the land which lies in the streets or roads in front of, behind or next to, the Described Property;

(vii)   All fixtures that are now or in the future will be on the Described Property or on the property described in subsection (ii) of this Section;

(viii)   All of the rights and property described in subsections (ii) through (vii) of this Section that I acquire in the future;

(ix)   All replacements of or additions to the property described in subsections (ii) through (viii) of this Section; and

(x)   All of the amounts that I pay to Lender under Paragraph 2 below.

IV.    BORROWER'S RIGHT TO GRANT A SECURITY INTEREST IN THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (i) I lawfully own the Property; (ii) I have the right to grant and convey the Property to Trustee; and (iii) there are no outstanding claims, charges, liens or encumbrances against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself and the Trustee has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

### COVENANTS

I promise and I agree with Lender as follows:

1.    BORROWER'S PROMISE TO PAY

I will pay to Lender, on time, all principal and interest due under the Secured Notes and any prepayment and late charges due under the Secured Notes.

2.    PAYMENTS FOR TAXES AND INSURANCE
(A)    Borrower's Obligations
I will pay all amounts necessary to pay taxes and hazard insurance premiums on the Property as well as assessments, leasehold payments, ground rents or mortgage insurance premiums (if any).

SD001C (2004-03-3)                                    Page 3                                              CA

06 2386992

LOS ANGELES,CA      DOCUMENT: TD 2006.2386992                              Page 4 of 18

Printed on 11/19/2010 10:50:32 AM        Provided by DataTrace System

0044338457

**(B)    Escrow Accounts**

Subject to applicable law, no escrow shall be required except upon written demand by Lender, in which case, I shall pay to Lender on the day payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes, penalties and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; and (e) yearly mortgage insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for an escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and/or applicable law permits Lender to make such a charge. However, Lender may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay me any interest or earnings on the Funds. Lender shall give to me, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to me for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify me in writing, and, in such case I shall pay to Lender the amount necessary to make up the deficiency or shortage. I shall make up the deficiency or shortage in accordance with the requirements of the Lender, at its sole discretion, in the manner and times prescribed by RESPA.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to me any Funds held by Lender. If, under Paragraph 28, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

SD001D (2004-03-3)

Page 4

06  2386992

CA

EXHIBIT D to Notice of Removal
Page No. 36

0044338457

### 3.    APPLICATION OF BORROWER'S PAYMENTS

Unless applicable law requires otherwise, Lender will apply each of my payments under the Secured Notes and under Paragraphs 1 and 2 above in the following order and for the following purposes:

First, to pay prepayment charges due under the Secured Notes;

Second, to pay any advances due to Lender under this Security Instrument;

Third, to pay the amounts due to Lender under Paragraph 2 above;

Fourth, to pay interest due under the Secured Notes;

Fifth, to pay deferred interest due under the Secured Notes;

Sixth, to pay principal due under the Secured Notes;

Last, to pay late charges due under the Secured Notes.

### 4.    BORROWER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS

I will pay all taxes, assessments and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument.

I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property. I will pay these amounts either by making the payments to Lender that are described in Paragraph 2 above or by making the payments on time to the Person owed them.

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a lien. I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior lien if: (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves in writing the way in which I agree to pay that obligation; or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up; or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that Person. If Lender determines that any part of the Property is subject to a superior lien, Lender may give to me a notice identifying the superior lien. I will pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

### 5.    BORROWER'S OBLIGATION TO MAINTAIN INSURANCE

At my sole cost and expense, I will obtain and maintain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender. I may choose the insurance company but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of these insurance policies and renewals of the policies must include what is known as a **Standard Mortgagee Clause** to protect Lender. The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

SD001E (2004-03-3)

Page 5

CA

06  2386992

0044338457

If I obtain earthquake insurance, any other hazard insurance, credit life and/or disability insurance, or any other insurance on or relating to the Property or the Secured Notes and which are not specifically required by Lender, I will name Lender as loss payee of any proceeds.

If there is a loss or damage to the Property, I will promptly notify the proper insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company is called "Proceeds." Any Proceeds received will be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining the Proceeds, and then, at Lender's option and in the order and proportion as Lender may determine in its sole and absolute discretion, regardless of any impairment or lack of impairment of security, as follows: (A) to the extent allowed by applicable law, to the Sums Secured in a manner that Lender determines and/or (B) to the payment of costs and expenses of necessary repairs or to the restoration of the Property to a condition satisfactory to Lender, such application to be made in the manner and at the times as determined by Lender.

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender or the insurance company stating that the insurance company has offered to settle a claim, Lender may collect the Proceeds. I will notify Lender immediately of any offer to settle a claim I receive from the insurance company. I will immediately deliver any Proceeds I receive from any insurer or other persons to Lender. Lender may use the Proceeds to repair or restore the Property or to pay the Sums Secured. The 30-day period will begin when the notice is given.

If any Proceeds are used to reduce the amount of the outstanding balance of the Sums Secured, that use will not delay the due date or change the amount of any of my regularly scheduled payments under the Secured Notes and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to delays or changes.

If Lender acquires the Property under Paragraph 28 below, all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any Proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those Proceeds will not be greater than the total amount of the Sums Secured immediately before the Property is acquired by Lender or sold.

If I am required by Lender to pay premiums for mortgage insurance, I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law.

**6.   BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL ANY LEASE OBLIGATIONS**

I will keep the Property in good repair including, but not limited to, keeping the Property free from debris, mold, termites, dry rot and other damaging pests and infestations. I will not destroy or substantially change the Property and I will not allow the Property to deteriorate. I will keep and maintain the Property in compliance with any state or federal health and safety laws, and hazardous materials and hazardous waste laws. I will not use, generate, manufacture or store any hazardous materials or hazardous waste on, under or about the Property. I will indemnify, defend and hold harmless Lender and its employees, officers and directors and their successors from any claims, damages or costs for required or necessary repair or the removal of mold, termites, dry rot, other damaging pests and infestations and hazardous waste or any other hazardous materials claim. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. I also agree that, if I acquire the fee title to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing.

SD001F (2004-03-3)

Page 6

CA

06 2386992

0044338457

### 7.   LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY

If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees, purchasing insurance required under Paragraph 5, above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions. Although Lender may take action under this Paragraph 7, Lender does not have to do so. Any action taken by Lender under this Paragraph 7, will not release me from my obligations under this Security Instrument.

I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. Interest on each amount will begin to accrue on the date that the amount is advanced by Lender. However, Lender and I may agree in writing to terms that are different from those in this Paragraph 7. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

### 8.   LENDER'S RIGHT TO INSPECT THE PROPERTY

Lender, and others authorized by Lender, may enter upon and inspect the Property. They must do so in a reasonable manner and at reasonable times. Before or at the time an inspection is made, Lender must give me notice stating a reasonable purpose for the inspection.

### 9.   AGREEMENTS ABOUT GOVERNMENTAL TAKING OF THE PROPERTY

I assign to Lender all my rights: (A) to proceeds of all awards or claims for damages resulting from condemnation, eminent domain or other governmental taking of all or any part of the Property; and (B) to proceeds from a sale of all or any part of the Property that is made to avoid condemnation, eminent domain or other governmental taking of the Property. All of those proceeds will be paid to Lender. If I receive any such proceeds, I will immediately deliver them to Lender.

If all of the Property is taken, the proceeds will be used to reduce the Sums Secured. If any of the proceeds remain after the Sums Secured have been paid in full, the remaining proceeds will be paid to me. Unless Lender and I agree otherwise in writing, if only a part of the Property is taken, Sums Secured will be reduced only by the amount of proceeds multiplied by the following fraction: (A) the total amount of the Sums Secured immediately before the taking, divided by (B) the fair market value of the Property immediately before the taking. The remainder of the proceeds will be paid to me.

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, Lender has the authority to collect the proceeds and settle the claim. Lender may then use the proceeds to reduce the Sums Secured. The 30-day period will begin when the notice is given.

If any proceeds are used to reduce the amount of the outstanding principal of the Secured Notes, that use will not delay the due date or change the amount of any of my regularly scheduled payments under the Secured Notes and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to delays or changes.

SD001G (2004-03-3)

Page 7

CA

06 2386992

0044338457   9

**10.   CONTINUATION OF BORROWER'S OBLIGATIONS AND OF LENDER'S RIGHTS**

**(A)   Borrower's Obligations**

Lender may allow a Person who takes over my rights and obligations subject to this Security Instrument to delay or to change the amount of the payments of principal and interest due under the Secured Notes or under this Security Instrument. Even if Lender does this, however, that Person and I will both still be fully obligated under the Secured Notes and under this Security Instrument.

Lender may allow those delays or changes for a Person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a Person for not fulfilling obligations under the Secured Notes or under this Security Instrument, even if Lender is requested to do so.'

**(B)   Lender's Rights**

Even if Lender does not exercise or enforce any of its rights under this Security Instrument or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will have the right under Paragraph 28 below to demand that I make immediate payment in full of the Sums Secured.

**11.   OBLIGATIONS OF BORROWER, CO-SIGNORS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**

Except as provided below, if more than one Person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. This means that any one of us may be required to pay all of the Sums Secured.

Any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signor"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signor's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signor's consent.

Any Person who takes over my rights or obligations under this Security Instrument will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Similarly, any Person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument.

**12.   MAXIMUM LOAN CHARGES**

If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limits and (B) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the outstanding principal balance of the Secured Notes or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Secured Notes.

SD001H (2004-03-3)

Page 8

CA

**06  2386992**

0044338457

**13.    LEGISLATION AFFECTING LENDER'S RIGHTS**

If a change in applicable law would make any provision of the Secured Notes or this Security Instrument unenforceable, Lender may require that I make immediate payment in full of all Sums Secured by this Security Instrument.

**14.    NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT**

Any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice will be addressed to me at **22500 SYLVAN ST, WOODLAND HILLS, CA  91367-1733**. A notice will be given to me at an alternative address if I give Lender notice of my alternative address. I may give notice to Lender of my alternative address in writing or by calling Lender's customer service telephone number provided on my billing statement. I may designate only one mailing address at a time for notification purposes. Except as permitted above for changes of address, any notice that must be given to Lender under this Security Instrument will be given by mailing it by first class mail to Lender's address stated in Section I.(C) above entitled, "Definitions of Words Used In This Deed of Trust," unless Lender gives me notice of a different address. Any notice required by this Security Instrument is given when it is mailed or when it is delivered according to the requirements of this Paragraph 14 or of applicable law.

**15.    GOVERNING LAW; SEVERABILITY**

This Security Instrument and the Secured Notes shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions ("Federal Law") and, to the extent Federal Law does not apply, by the law of the jurisdiction in which the Property is located. In the event that any of the terms or provisions of this Security Instrument or the Secured Notes are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Security Instrument or the Secured Notes.

**16.    BORROWER'S COPY**

I acknowledge the receipt of one conformed copy of the Secured Notes and of this Security Instrument.

**17.    LENDER'S RIGHTS TO RENTAL PAYMENTS AND TO TAKE POSSESSION OF THE PROPERTY**

If Lender requires immediate payment in full or if I abandon the Property, then Lender, Persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter upon and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change rental agreements and leases. If Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 17, I agree that the tenants may make those rental payments to Lender without having to ask (i) Lender whether I have failed to keep my promises and agreements under this Security Instrument, or (ii) me for my permission to do so.

If Lender acts to have the Property sold after a Breach of Duty as defined in Paragraph 28, I understand and agree that: (A) my right to occupy the Property ceases at the time the Property is sold; (B) I shall have no right to occupy the Property after such sale without the written consent of the new owner of the Property; and (C) my wrongful and unlawful possession of the Property may subject me to monetary damages, including the loss of reasonable rent and the cost of eviction. All rental payments collected by

SD001I (2004-03-3)

Page 9

CA

**06 2386992**

EXHIBIT D to Notice of Removal
Page No. 41

0044338457

Lender or by a receiver, other than the rent paid by me under this Paragraph 17, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the Sums Secured. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees and the costs of any necessary bonds.

18.     INJURY TO PROPERTY; ASSIGNMENT OF RIGHTS
        An assignment is a transfer of rights to another. I may have rights to bring legal action against persons, other than Lender, for injury or damage to the Property or in connection with the loan made to me by Lender and which arose or will arise before or after the date of this Security Instrument. These rights to bring legal action may include but are not limited to an action for breach of contract, fraud, concealment of a material fact, or for intentional or negligent acts. I assign these rights, and any and all proceeds arising from these rights, as permitted by applicable law, to Lender. Lender may, at its option, enforce these rights in its own name and may apply any proceeds resulting from this assignment to the Sum Secured and this Security Instrument after deducting any expenses, including attorneys' fees, incurred in enforcing these rights. At the request of Lender, I will sign any further assignments or other documents that may be necessary to enforce this assignment. I will notify Lender immediately if I believe I have the right to bring any such legal action against any persons, and will notify Lender immediately if I assert any claim or demand against or commence any legal action against any such person. If I receive any proceeds from any persons besides Lender in connection with any such claim, demand or legal action, I will immediately deliver such proceeds to Lender.

19.     CLERICAL ERRORS
        In the event Lender at any time discovers that this Security Instrument, the Secured Notes or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from Lender, to execute such documentation as Lender deems necessary to correct any such error(s) and I also agree that I will not hold Lender responsible for any damage to me which may result from any such error.

20.  ·  LOST, STOLEN OR MUTILATED DOCUMENTS
        If any of the Loan Documents are lost, stolen, mutilated or destroyed and Lender delivers to me an indemnification in my favor, signed by Lender, then I will sign and deliver to Lender a Loan Document identical in form and content which will have the effect of the original for all purposes.

21.     WAIVER OF STATUTE OF LIMITATIONS
        I will waive, within applicable law, the pleading of the statute of limitations as a defense to enforce this Security Instrument, including any obligations referred to in this Security Instrument or Secured Notes.

22.     CAPTIONS
        The captions and headings at the beginning of each paragraph of this Security Instrument are for reference only and will not be used in the interpretation of any provision of this Security Instrument.

23.     MODIFICATION
        This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender.

24.     CONDOMINIUM, COOPERATIVE AND PLANNED UNIT DEVELOPMENT OBLIGATIONS
        If the Property is a unit in a condominium, cooperative or planned unit development, each of which shall be called the "Project," and I have an interest in the common elements of the Project, then Lender and I agree that:

        (A)     If an owners association or other entity, called "Owners Association," holds title to Property for the benefit or use of the Project and its members or shareholders, the Property also includes my interest in the Owners Association and the uses, proceeds and benefits of my interest.

SD001J (2004-03-3)                                                                              CA

06 2386992

LOS ANGELES,CA     DOCUMENT: TD 2006.2386992                          Page 11 of 18

Printed on 11/19/2010 10:50:33 AM          Provided by DataTrace System

0044338457

**(B)** The following are called the "Constituent Documents:" (i) The declaration or any other document which created the Project; (ii) By-laws of the Owners Association; (iii) Code of regulations for the Project; (iv) Articles of Incorporation, trust instrument or equivalent document which creates the Owners Association; (v) The Project's covenants, conditions and restrictions; (vi) Other equivalent documents.

I shall perform all of my obligations under the Constituent Documents, including my obligation to pay, when due, all dues and assessments. If I do not pay the dues and assessments when due, Lender may, at its option, pay them. I will pay to Lender any amounts which Lender advances under this Paragraph 24 according to the terms described in Paragraph 7 above.

**(C)** If the Owners Association maintains, with an insurance company reasonably acceptable to Lender, a master or blanket policy on the Project which is satisfactory to Lender and which provides insurance coverage on the terms, in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," and Lender is provided with evidence of such master or blanket policy, then: (i) Lender waives the provision in Paragraph 2(B) above for the payment to Lender of the estimated yearly premium installments for hazard insurance on the Property; and (ii) hazard insurance coverage on the Property as required by Paragraph 5 above is deemed to be satisfied to the extent that the required coverage is provided by the Owners Association policy. I shall give Lender prompt notice of any lapse in the required hazard insurance coverage. I shall provide a copy of such master or blanket policy to Lender annually.

In the event of a distribution of any hazard insurance proceeds, including without limitation any earthquake or special hazards insurance whether or not such coverage was required by Lender, in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to me are hereby assigned and shall be paid to Lender for application to the Sums Secured by this Security Instrument, with any excess paid to me. If I receive any such proceeds, I will immediately deliver them to Lender or otherwise apply them as set forth above.

I shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable to Lender in form, amount and extent of coverage.

**(D)** I shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of condemnation, eminent domain or other governmental taking; (ii) any amendment to any provision of Constituent Documents unless the provision is for the express benefit of Lender or of lenders generally; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the master or blanket hazard insurance policy and/or the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**25.   FUTURE ADVANCES**
At Borrower's request, Lender, at its option (but before release of this Security Instrument or the full reconveyance of the Property described in the Security Instrument) may lend future advances, with interest, to Borrower. Such future advances, with interest, will then be additional Sums Secured under this Security Instrument.

SD001K (2004-03-3)                                  Page 11                                              CA

**06  2386992**

0044338457    |3

**26.    AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

<u>Acceleration of Payment of Sums Secured.</u> Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument.

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration. If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me.

<u>Exception to Acceleration of Payment of Sums Secured.</u> If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if:

(i)     Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender;

(ii)    Lender approves the creditworthiness of the transferee in writing;

(iii)   transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards;

(iv)    an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the then outstanding balance of Principal and interest under the Secured Notes at the time of sale or transfer of the Property or of the Interest in the Borrower) is paid to Lender; and

(v)     the transferee executes an assumption agreement which is satisfactory to Lender. Such assumption agreement may provide, if required by Lender, that the transferee open a deposit account with Lender or with a bank or other depository institution approved by Lender, to facilitate direct payments if direct payments are required in the Note.

The loan may be assumed under its then existing terms and conditions with one exception; the Lifetime Rate Cap may be changed. The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes.

**27.    SUBSTITUTION OF TRUSTEE**
I agree that Lender may at any time appoint a successor trustee and that Person shall become the Trustee under this Security Instrument as if originally named as Trustee.

SD001L (2004-03-3)

Page 12

CA

06  2386992

0044338457   14

28.    RIGHTS OF THE LENDER IF THERE IS A BREACH OF DUTY
        It will be called a "Breach of Duty" if (i) I do not pay the full amount of each regularly scheduled payment on the date it is due; or (ii) I fail to perform any of my promises or agreements under the Note or this Security Instrument; or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts; or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading. If there is a Breach of Duty by me, Lender may demand an immediate payment of all sums secured.

        If there is a Breach of Duty by me, Lender may exercise the power of sale, take action to have the Property sold under applicable law, and invoke such other remedies as may be permitted under any applicable law.

        Lender does not have to give me notice of a Breach of Duty. If Lender does not make a demand for full payment of the Sums Secured upon a Breach of Duty, Lender may make a demand for full payment of the Sums Secured upon any other Breach of Duty.

        If there is a Breach of Duty, Lender may also take action to have a receiver appointed to collect rents from any tenants on the Property and to manage the Property. The action to appoint a receiver may be taken without prior notice to me and regardless of the value of the Property.

        The sale of the Property may be postponed by or at the direction of Lender. If the Property is sold, I agree that it may be sold in one parcel. I also agree that Lender may add to the amount that I owe to Lender all legal fees, costs, allowances, and disbursements incurred as a result of the action to sell the Property.

        Lender will apply the proceeds from the sale of the Property in the following order: (A) to all fees, expenses and costs incurred in connection with the sale, including but not limited to trustees' and attorneys' fees, if any; (B) to all Sums Secured by this Security Instrument; and (C) any excess to the Person or Persons legally entitled to it.

29.    RECONVEYANCE
        Upon payment of all Sums Secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all Secured Notes to Trustee. Trustee shall reconvey the Property without warranty to Borrower. Lender may charge Borrower a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (including the Trustee) for services rendered and the charging of the fee is permitted, whether expressly or by lack of express prohibition, under applicable law. If the fee charged does not exceed any maximum fee set by applicable law, the fee is conclusively presumed to be reasonable.

30.    STATEMENT OF OBLIGATION
        Lender may collect a fee of $60.00, or such greater maximum amount as may from time to time be allowed by law, for furnishing any statement of obligation with respect to this Security Instrument or the Secured Notes.

SD001M (2004-03-3)                                                                    CA

Page 13

06 2386992

0044338457

**31.    ( X )   QUICK QUALIFYING LOAN PROGRAM**

I have qualified for this loan by making statements of fact which were relied upon by Lender to approve the loan rapidly. This loan is called a "Quick Qualifying Loan." I have stated and I confirm that: (A) I do not have any other Quick Qualifying Loans with Lender; (B) I have agreed to not further encumber the Property and do not intend to further encumber the Property for at least six months after the date of the Secured Notes and this Security Instrument; and (C) If I am purchasing the Property, all of the terms of the purchase agreement submitted to Lender are true and the entire down payment is cash from my own funds.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument. If I am in such default, Lender may, at its option, increase the interest rate and margin subject to the Lifetime Rate Cap stated in the Secured Notes.

**32.    ( X )   OWNER OCCUPANCY**

Lender has relied upon statements of fact which I have made to qualify for this loan. I have stated and confirm that: (A) the Property is my personal and primary residence; (B) I will occupy the Property not later than 30 days after this Security Instrument is recorded; and (C) I will use the Property as my residence for at least 12 months from the date this Security Instrument is recorded.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument. If I am in such default, Lender may, at its option, increase the interest rate and margin, subject to the Lifetime Rate Cap stated in the Secured Notes.

**( X )   VALUE INDICATES THAT THE PARAGRAPH APPLIES.**

**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.**

SD001N (2004-03-3)                                          Page 14

CA

06 2386992

LOS ANGELES,CA     DOCUMENT: TD 2006.2386992                              Page 15 of 18

Printed on 11/19/2010 10:50:33 AM          Provided by DataTrace System

16

0044338457

BY SIGNING BELOW, I accept and agree to the promises and agreements contained in this Security Instrument and in any rider(s) signed by me and recorded in proper official records.

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____ (Seal)
CHARLES L RUCKER

_____ (Seal)
JUDITH L RUCKER

ATTACH INDIVIDUAL NOTARY ACKNOWLEDGEMENT

SD001 (2004-03-1)      [AF1 (2004-03-1)]              Page 15                                CA
                       [B01 (2004-03-1)]

06 2386992

LOS ANGELES,CA     DOCUMENT: TD 2006.2386992                                Page 16 of 18

Printed on 11/19/2010 10:50:33 AM      Provided by DataTrace System

17

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of LOS ANGELES

On Oct. 22 2006 before me, C. JOHNSON, NOTARY PUBLIC

personally appeared CHARLES L. RUCKER

and JUDITH L. RUCKER

```
C. JOHNSON
Commission # 1678252
Notary Public - California
Ventura
My Comm.          2010
```

```
C. JOHNSON
Commission # 1678252
Notary Public - California
Ventura County
My Comm. Expires Jun 27, 2010
```

Place Notary Seal Above

☐ personally known to me

☒ (or proved to me on the basis of satisfactory evidence)

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature of Notary Public

———————— OPTIONAL ————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: DEED OF TRUST

Document Date: _____     Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney In Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2006 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402     Item No. 5907     Reorder: Call Toll-Free 1-800-876-6827

06  2386992

18

**Exhibit A**

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

Lot 43 of Tract No. 21935, in the City of Los Angeles, as per map recorded in Book 692, Pages 89 to 91, inclusive of maps, in the office of the County Recorder of said County.

06 2386992

LOS ANGELES,CA     DOCUMENT: TD 2006.2386992                              Page 18 of 18

Printed on 11/19/2010 10:50:33 AM          Provided by DataTrace System

EXHIBIT D to Notice of Removal
Page No. 49

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the following document entitled: **NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO PURSUANT TO 28 U.S.C. §1332 [DIVERSITY JURISDICTION]** on all interested parties in said case addressed as follows:

### Served by Other Means:

Miles L. Kavaller
A Professional Law Corporation
Encino Law center
15915 Ventura Boulevard, Penthouse One
Encino, CA 91436
*Tel: 818.728.4821 / eFax: 818.474.7180*
*email: mkavalerl@earthlink.net*

☒ **BY MAIL**:  By placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Pasadena, California, in sealed envelopes with postage fully thereon.

☒ **FEDERAL:**  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  This declaration is executed in Pasadena, California, on **November 22, 2010.**

_____
*(Print Name)*

_____
*(Signature of Declarant)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 9008 DSF (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** <br> 312 N. Spring St., Rm. G-8 <br> Los Angeles, CA 90012 | [ ] **Southern Division** <br> 411 West Fourth St., Rm. 1-053 <br> Santa Ana, CA 92701-4516 | [ ] **Eastern Division** <br> 3470 Twelfth St., Rm. 134 <br> Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Charles L. Rucker, and Judith L. Rucker | Wells Fargo Bank, N.A., successor be merger with Wachovia Mortgage, FSB (formerly World Savings Bank FSB) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Miles L. Kavaller; A Professional Law Corporation<br>15915 Ventura Blvd., Penthouse One<br>Encino, CA 91436 / Tel. 818.728.4821 | Christopher A. Carr<br>Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP<br>199 S. Los Robles Avenue, Suite 600<br>Pasadena, CA 91101 / Tel. 626.535.1900 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**   JURY DEMAND: ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes   ☒ No          ☒ MONEY DEMANDED IN COMPLAINT: $ unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. section 1332; Diversity jurisdiction

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☒ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☒ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number:   **CV10-9008**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
    ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Wells Fargo Bank, N.A. - Sioux Falls, South Dakota |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date November 18, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

**CERTIFICATE OF SERVICE**

    I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

    On the date below, I served a copy of the following document entitled: **CIVIL COVER SHEET** on all interested parties in said case addressed as follows:

**Served by Other Means:**

Miles L. Kavaller
A Professional Law Corporation
Encino Law center
15915 Ventura Boulevard, Penthouse One
Encino, CA 91436
*Tel: 818.728.4821 / eFax: 818.474.7180*
*email: mkavalerl@earthlink.net*

☒  **BY MAIL**:  By placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Pasadena, California, in sealed envelopes with postage fully thereon.

☒  **FEDERAL**:   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  This declaration is executed in Pasadena, California, on **November 22, 2010.**

| | |
|---|---|
| _____ | _____ |
| Helene Saller | *(Signature of Declarant)* |
| *(Print Name)* | |